UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RAMON K. JUSINO,

                       Plaintiff,                  **REPORT AND RECOMMENDATION**

    v.                                                19-cv-06387 (ENV) (ST)

FEDERATION OF CATHOLIC TEACHERS,
INC.,

                       Defendant.
-------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

       Plaintiff Ramon K. Jusino ("Jusino"), *pro se*, commenced this action against Defendant Federation of Catholic Teachers, Inc. ("FCT") on November 12, 2019, alleging claims under the National Labor Relations Act ("NLRA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL").  FCT filed a Motion to Dismiss Jusino's Complaint.  The Honorable Eric N. Vitaliano referred FCT's Motion to the undersigned to issue a Report and Recommendation.  For the reasons set forth below, this Court respectfully recommends that FCT's Motion be GRANTED.

**I.    BACKGROUND**

    **a.  Factual Background**

       Unless otherwise indicated, all statements in this section are based on allegations in the Complaint.  The relevant facts are as follows.  Jusino is an individual who resides in Staten Island, New York.  Compl. ¶ 5, Dkt. No. 1.  Jusino was a tenured teacher at a Catholic school in New York City (the "School").  *Id.*  FCT is a labor organization located in Staten Island, New York.  *Id.* ¶ 6.  FCT represents teachers and other professionals employed at Roman Catholic elementary and high schools in the boroughs of Manhattan, the Bronx, Staten Island, and the

1

counties of Dutchess, Orange, Putnam, Rockland, Sullivan, Ulster, and Westchester. *Id.* FCT is the exclusive bargaining agent for these employees. *Id.* FCT is a party to a collective bargaining agreement ("CBA") with the Association of Catholic Schools (the "Association"). *See* Declaration of Jane Lauer Barker ("Barker Decl."), Ex. A, Dkt. No. 12-2; Declaration of Jusino ("Jusino Decl."), Ex. A, Dkt. No. 13.[1] The terms of Jusino's employment were governed by the CBA. Compl. ¶ 5. As a tenured teacher, Jusino could only be terminated for just cause. *Id.*

The CBA contained two non-discrimination provisions. *See id.* ¶¶ 14-15. These provisions state an agreement that teachers shall not be discriminated against on the bases of, among other characteristics, race and sex, and an agreement subjecting the terms of teachers' employment to "the Americans with Disabilities Act and all other statutes governing non-discrimination in employment." *Id.* The CBA also provides that a formal hearing "shall be held before a Hearing Officer within twenty days of receipt of [a] request or as soon thereafter as the Hearing Officer may schedule a Formal Hearing." *Id.* ¶ 45.

FCT, the School, and, as a third-party beneficiary, Jusino were parties to the CBA effective September 1, 2014 through August 31, 2018. *Id.* ¶ 7. Jusino received from the School two letters of suspension with intent to discharge. *Id.* ¶ 8. The letters were dated July 23, 2018 and August 20, 2018. *Id.* The first letter indicated Jusino was suspended with pay and the second letter indicated Jusino was suspended without pay. *Id.* ¶ 26. FCT sent a letter to the School on September 5, 2018. *Id.* ¶¶ 9, 28. In the letter, FCT informed the School that FCT was instituting formal grievance arbitration procedures on Jusino's behalf. *Id.*

---

[1] When assessing a 12(b)(1) motion, a court may consider evidence outside of a complaint. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). When assessing a 12(b)(6) motion, a Court may consider documents incorporated by reference in a complaint. *DiFalco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). The CBA, submitted by the parties in full and in an excerpted version, is quoted directly and otherwise referenced throughout the Complaint.

In connection with his grievance, Jusino alleged to FCT that Jusino had been suspended for complaining about sex, race, and age discrimination by the School against Jusino and race discrimination by the School against one of the School's students. *Id.* ¶ 16. The September 5, 2018 letter did not mention any Title VII claims on Jusino's behalf. *Id.* ¶ 28. On October 29, 2018, Jusino filed a discrimination lawsuit against the School in the Eastern District of New York, alleging Title VII, NYSHRL, and NYCHRL claims. *Id.* ¶ 18. Shortly thereafter, Jusino informed FCT of the federal lawsuit. *Id.* ¶ 19. In an email dated December 14, 2018, FCT informed Jusino that FCT was not in favor of making Title VII discrimination or retaliation claims on Jusino's behalf. *Id.* ¶ 20. In the same email, FCT noted it was considering bringing claims under Title VI or Title IX. *Id.* In an email dated January 14, 2019, Jusino asked FCT about provisions of NYCHRL that Jusino thought may apply. *Id.* ¶ 21. FCT did not address Jusino's questions. *Id.* In subsequent emails to Jusino, FCT indicated that it would not pursue a Title VII claim in arbitration. *See id.* ¶¶ 23-24. Jusino also complained in an email to FCT that it was taking more than twenty days for the arbitration hearing to be held. *Id.* ¶ 34.

In its opening statement during the May 17, 2019 arbitration hearing, FCT did not reference discrimination, retaliation, or protected activity. *Id.* ¶ 31. FCT did not object when the School offered into evidence a news article concerning Jusino's discrimination lawsuit against the School. *Id.* ¶ 32. At the hearing, the School argued that the hearing should not be taking place because of FCT failed to properly request a formal hearing, a point on which the arbitrator reserved judgment. *Id.* ¶ 30; *see id.* ¶ 29. The School also indicated that it would require three or four days of hearings to make its case. *Id.* ¶ 35. The School and FCT agreed that the next hearing should take place in November 2019. *Id.*

On June 18, 2019, a settlement was reached in Jusino's suit against the School, and that case was dismissed on September 27, 2019. *Id.* ¶ 37.

### b. Procedural Posture

Jusino commenced this action against FCT on November 12, 2019, bringing causes of action for breach of duty of fair representation, under NLRA, and unlawful discrimination, under NYSHRL and NYCHRL. *See generally id.* FCT filed the instant Motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), seeking dismissal on the grounds that: this Court lacks subject matter jurisdiction over Jusino's fair representation claim; that the same claim is time barred; that Jusino fails to allege facts establishing FCT's breach of its duty of fair representation; that the Court lacks supplemental jurisdiction over Jusino's NYSHRL and NYCHRL claims; and that Jusino fails to plead facts to establish those state law claims. *See* Notice of Mot. Dismiss Compl., Dkt. No. 12; Mem. Supp. Mot. Dismiss ("Mot."), Dkt. No. 12-4. The Motion has been fully briefed. *See generally* Mem. Opp. Mot. Dismiss ("Opp."), Dkt. No. 13-1; Reply Supp. Mot. Dismiss ("Reply"), Dkt. No. 14. Both parties submitted, either in full or an excerpted version of, the CBA covering September 1, 2014 through August 31, 2018, and FCT submitted an excerpt of the CBA between FCT and the Association that is effective from September 1, 2018 through August 31, 2022. *See* Barker Decl., Ex. A; Barker Decl., Ex. B, Dkt. No. 12-3; Jusino Decl., Ex. A.

## II.   LEGAL STANDARDS

### a. Rule 12(b)(1) Motion to Dismiss

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova*, 201 F.3d at 113. "A plaintiff asserting subject matter jurisdiction has the burden of proving by

4

a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). "Courts must accept as true all material factual allegations in the complaint and refrain from drawing from the pleadings inferences favorable to the party asserting jurisdiction." *Clarke v. U.S.*, 107 F. Supp. 3d 238, 243 (E.D.N.Y. 2015) (internal quotation marks and brackets omitted) (citing *Fox v. Worldwide Chauffeured Transp. of N.Y., LLC*, No. 08-CV-1686, 2009 WL 1813230, at *1 (E.D.N.Y. June 25, 2009)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

### b. Rule 12(b)(6) Motion to Dismiss

When assessing a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint states a legally cognizable claim by making allegations that, if proven, would show that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint successfully states a claim when there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

There are "[t]wo working principles" that guide this analysis: "First, the court must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss, and this determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Giambrone v. Meritplan Ins. Co.*, 13-CV-7377 (MKB) (ST), 2017 WL 2303980, at *3 (E.D.N.Y. Feb. 28, 2017) (internal quotation

5

marks, citation omitted), *adopted by* 2017 WL 2303507 (E.D.N.Y. May 24, 2017).  Although this Court is limited to facts as stated in the complaint, it may consider exhibits or documents incorporated by reference.  *See Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 72 (2d Cir. 1995).

### III. DISCUSSION

#### a. Jusino's Fair Representation Claim

Jusino's first cause of action alleges FCT violated its duty of fair representation, which it owes to Jusino under NLRA.  Compl. ¶¶ 61-62.  Specifically, Jusino avers FCT's "refusal to investigate and defend [Jusino's] Title VII discrimination/retaliation allegations, or meaningfully assert any of [Jusino's] other rights under the CBA" amount to a breach of FCT's duty.  *Id.* ¶ 62. Jusino asserts that, because his claim arises under NLRA, subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1343.  *Id.* ¶ 2.  Among its other arguments, FCT contends that the Court lacks subject matter jurisdiction over this claim because Jusino's former employer is a church-operated school.  Mot. at 5-7.

In *N.L.R.B. v. Catholic Bishop of Chicago*, the United States Supreme Court indicated that "[t]here is no clear expression of an affirmative intention of Congress that teachers in church-operated schools should be covered by [NLRA]."  *N.L.R.B. v. Catholic Bishop of Chicago*, 440 U.S. 490, 504 (1979).  Accordingly, the Court declined to find that NLRA gave the National Labor Relations Board jurisdiction over teachers in church-operated schools.  *Id.* at 507. Construing NLRA to provide the National Labor Relations Board with such jurisdiction "could in turn call upon the Court to resolve difficult and sensitive questions arising out of the guarantees of the First Amendment Religion Clauses."  *Id.*[2]  Based on *Catholic Bishop*, the

---

[2] The *Catholic Bishop* Court affirmed the Seventh Circuit, which reasoned that in "certifying a union as the bargaining agent for lay teachers the Board's action would impinge upon the freedom of

6

Second Circuit held that NLRA did not preempt the New York State Labor Relations Board from exercising jurisdiction over a dispute between an association of church-operated high schools and the union that represented the teachers in eleven schools managed and operated by the association. *Catholic High School Ass'n of Archdiocese of N.Y. v. Culvert*, 753 F.2d 1161, 1165 n.2 (2d Cir. 1985). Applying *Catholic Bishop* and *Culvert*, the Southern District of New York remanded to state court an action brought by a former teacher alleging wrongful discharge against the church-operated school that had employed him, in violation of his contract with the school. *Ferro v. Ass'n of Catholic Schools*, 623 F. Supp. 1161, 1167 (S.D.N.Y. 1985). The school in *Ferro* was also a member of the Association, which was then party to a collective bargaining agreement with FCT. *Id.* at 1162. In *Ferro*, the court found that the Labor Management Relations Act ("LMRA"), which amended NLRA, did not provide grounds for removal as "NLRA does not cover parochial school teachers." *Id.* at 1165.

Jusino indicates that FCT is not a religious institution. *See* Opp. at 4. In this way, the instant matter differs from *Catholic Bishop*, *Culvert*, and *Ferro*, which involved associations of church-operated schools as parties. However, these cases also considered whether the relevant statutes reached *teachers at* church-operated schools. *See Culvert*, 753 F.2d at 1165 n.2 ("[t]he *Catholic Bishop* Court stated that absent such affirmative indication [of Congress' intent to cover parochial school teachers], the NLRB had no jurisdiction because of the 'difficult and sensitive' issues that would be raised in light of a teacher's critical role in the religious mission of the school"); *Ferro*, 623 F. Supp. at 1165 ("the holding in *Catholic Bishop*—that the NLRA does not cover parochial school teachers—applies to the instant case; therefore, whatever claims plaintiff

---

church authorities to shape and direct teaching in accord with the requirements of their religion" and that a "factual inquiry by courts or agencies into such matters [separating secular from religious training] would almost necessarily raise First Amendment problems." *Id.* at 496. Under the circumstances, "interference with management prerogatives" is "not acceptable." *Id.*

7

asserts under New York contract or New York labor law are neither covered nor preempted by federal law"). The cases thus demonstrate that the status of a teacher as an employee of a church-operated school places that teacher beyond Congress' intended reach of NLRA or LMRA. Accordingly, that teacher cannot assert federal subject matter jurisdiction by bringing claims under NLRA or LMRA. The CBA notes that the schools it covers are "Roman Catholic schools committed to providing exemplary academic education that integrates Catholic teachings." Barker Decl., Ex. A at 1; Jusino Decl., Ex. A at 1. Jusino states that the School is a Catholic school. Compl. ¶ 5.

Further, FCT argues that the "duty of fair representation analysis necessitates review of the employment relationship," that Jusino's claim "potentially involves an analysis of whether his Title VII claim against [the School] was meritorious," and that the "Complaint provokes exactly the kind of 'difficult and sensitive' First Amendment questions that the Supreme Court deliberately sought to avoid." Reply at 2-3. In assessing FCT's argument, fair representation matters that do not involve teachers at church-operated schools are instructive. A claim that concerns both an employer's underlying alleged violation of a collective bargaining agreement and a union's alleged failure to adequately represent the employee with regard to the employer's violation can be properly characterized as a LMRA § 301/duty of fair representation hybrid claim. *See McCleod v. Verizon N.Y., Inc.*, 995 F. Supp.2d 134, 141-42 (E.D.N.Y. 2014) (treating matter as a hybrid suit where "[employee] challenges the termination of his employment by the [employer] for being without just cause and alleges his Union failed to adequately represent him during the grievance process," noting, "[t]o resolve both of these claims will require the interpretation of the governing CBA"). In a discussion of hybrid claims, the Supreme Court has explained:

8

> Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, . . . employee-plaintiffs must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union. The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.

*DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983) (internal citation, quotation marks, brackets omitted). Relatedly, "the duty of fair representation arises when the union, employee and employer are involved." *Greenberg v. Int'l Union of Operating Eng'rs, Local 14-14B*, 588 F. App'x 5, 7 (2d Cir. 2014).

Given this framework, Jusino's suit against FCT implicates the merits of Jusino's claim that the School violated the CBA when it suspended him. Jusino does not avoid this by choosing not to name the School as a defendant in the instant action. Thus, this matter will likely give rise to the sort of "difficult and sensitive issues" that led the *Catholic Bishop* Court to decline to construe NLRA as furnishing jurisdiction over claims by teachers at church-operated schools. *Catholic Bishop*, 440 U.S. at 507.

Jusino's other arguments are unavailing. Jusino cites several cases that articulate a union's duty of fair representation. *See* Opp. at 4-5 (citing *Janus v. Am. Fed'n of State, Cty., and Mun. Emps., Council 31*, 138 S. Ct. 2448, 2469 (2018); *Humphrey v. Moore*, 375 U.S. 335, 342 (1964); *Steele v. Louisville & Nashville R. Co.* (1944)). None of these cases, however, address whether NLRA or LMRA confer federal jurisdiction over claims by teachers at church-operated schools. Jusino also cites *Reich v. Federation of Catholic Teachers, Inc.*, 853 F. Supp. 710 (S.D.N.Y. 1994), in which FCT was a party. *See* Opp. at 4. As FCT contends, *Reich* concerns

9

the Labor-Management Reporting and Disclosure Act, not NLRA.  *See* Reply at 4.  *Reich* does not otherwise consider *Catholic Bishop*, *Culvert*, or *Ferro*.  It is inapposite.

Next, Jusino argues that the *Catholic Bishop* Court "did not hold that the unionizing of lay teachers in church-operated schools, through union certification by the National Labor Relations Board, violates the First Amendment rights of the religious schools."  *See* Opp. at 5 (emphasis omitted).  Citing *Culvert*, Jusino notes that the New York State Labor Relations Board is not barred on constitutional grounds from exercising jurisdiction over labor relations between church-operated schools and their lay teachers.  *See id.* at 5-6.  Again, these arguments do not bear on whether NLRA or LMRA reach Jusino so that this Court can exercise jurisdiction over Jusino's claims brought pursuant to those federal statutes.

Jusino also avers that *Ferro* suggests FCT owes Jusino a duty of fair representation.  *See* Opp. at 6 (citing *Ferro*, 623 F. Supp. at 1166).  In response, FCT clarifies that it is asserting Jusino's fair representation claim "would have to sound in state rather than federal law."  Reply at 5 n.4.  Additionally, FCT notes that the *Ferro* Court concluded the plaintiff could not bring his claim under LMRA § 301 as "the NLRA does not cover parochial school teachers."  Reply at 4-5 (quoting *Ferro*, 623 F. Supp. at 1165).

The portion of *Ferro* to which Jusino refers is separate from the court's discussion of the applicability of LMRA to parochial school teachers.  Rather, it concerns the defendant's alternative argument that removal to federal court is proper because the Federal Arbitration Act covered the contract at issue.  *See Ferro*, 623 F. Supp. at 1166-67.  In response, the plaintiff asserted "that although his employment contract made reference to the collective bargaining agreement containing the arbitration clause," he did not join the union until after he was discharged so the agreement "should not be binding on him."  *Id.* at 1166.  The *Ferro* Court

10

rejected the plaintiff's disavowal of the collective bargaining agreement and explained, "he was a member of the collective bargaining unit on whose behalf [FCT] engaged in collective bargaining." *Id.* Thus, reasoned the court, FCT owed the plaintiff, as a member of the unit, a duty of fair representation when it comes to "enforcement of the contract for the employees' benefit." *Id.* The *Ferro* Court's findings that concern the application of the arbitration clause to union enforcement of the contract do not undermine its conclusion that the plaintiff could not bring his claim under LMRA.

Jusino further contends that FCT "is not exempt from NLRA," as FCT is a labor organization. Opp. at 7 (emphasis omitted). In connection with this argument, Jusino suggests that LMRA § 301 applies to FCT and thus confers subject matter jurisdiction. LMRA § 301 states:

> For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

29 U.S.C. § 185(c); *see* Opp. at 7-8. However, as previously discussed, case precedent indicates that LMRA does not reach teachers at church-operated schools. *See Ferro*, 623 F. Supp. at 1164-65 (finding LMRA, as extension of NLRA, does not cover parochial school teacher's wrongful discharge claim). Jusino thus cannot invoke LMRA's jurisdictional provision for his claim against FCT concerning his termination as a teacher at a church-operated school.

Finally, Jusino indicates that, under a provision of the CBA, the School and FCT "acknowledge and agree that the terms of employment of teachers in the member schools are subject to the Americans with Disabilities Act and all other statutes governing non-discrimination in employment." Opp. at 8 (emphasis omitted); *see* Compl. ¶ 15. Based upon

11

this provision, Jusino argues that NLRA applies in this matter and that the New York State Employment Relations Act does not. Opp. at 8 (citing N.Y. Labor Law § 715). This argument, too, has no bearing on whether the Court has subject matter jurisdiction over the instant matter. As discussed, precedent has established that NLRA does not reach parochial school teachers so as to bring their labor claims within the subject matter jurisdiction of the federal courts. The Court need not decide whether the CBA provision incorporates NLRA and whether, if incorporated, the New York State Employment Relations Act does not apply; "[t]he law is well established that a party's consent cannot by itself confer subject matter jurisdiction upon a court." *Woods v. Roundout Valley Cent. School Dist. Bd. of Educ.* 466 F.3d 232, 238 (2d Cir. 2006).

Given the foregoing, Jusino has failed to meet his burden and show that subject matter jurisdiction exists. The Court therefore respectfully recommends that FCT's Motion be granted as to Jusino's fair representation claim.

### b. Jusino's NYSHRL and NYCHRL Claims

Jusino brings his second cause of action under NYSHRL and his third cause of action under NYCHRL. Compl. ¶¶ 63-66. FCT argues these claims should be dismissed, as the Court lacks subject matter jurisdiction over Jusino's fair representation claim. Mot. at 18.

Per 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." However, "in general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998); *see also* 28 U.S.C. § 1367(c)(3). Accordingly, as this Court recommends dismissal of

Jusino's fair representation claim, it also recommends declining to exercise supplemental jurisdiction and granting FCT's Motion as to Jusino's state law claims.

## IV. CONCLUSION

For the foregoing reasons, the Court respectfully recommends that FCT's Motion be GRANTED.

## V. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                        /s/
                                        Steven L. Tiscione
                                        United States Magistrate Judge
                                        Eastern District of New York

Dated: Central Islip, New York
         March 26, 2021